STATE OF DELAWARE, upon the relation of HERBERT H. WARD, Attorney-General. *vs.* JACOB H. LEWIS and THOMAS A. D. HUTSON.

*Case Stated—Quo Warranto—Municipal Corporation—Department of Elections; Members of—Municipal Elections; Right to Hold.*

1.   A Writ of Quo Warranto was issued in the name of the State to determine by what right or authority Jacob H. Lewis and Thomas A. D. Hutson, who claimed to be members of the Department of Elections for the City of Wilmington, participated in the transfer and registration of voters preparatory to holding a municipal election in said city. *Held,* on demurrer, that said Jacob H. Lewis and Thomas A. D. Hutson are members of the Department of Elections for the City of Wilmington, and as such of right hold and exercise the right of office of members of said department, among the rights and duties of such office is the transfer and registration of voters, preparatory to holding the municipal election in said city.

2.   Demurrer overruled.

(*April* 15, 1903.)

LORE, C. J., SPRUANCE, GRUBB, PENNEWILL and BOYCE, Associate Judges, sitting as a Court in Banc, on April 15, 1902, in and for New Castle County.

*Robert G. Harman* and *J. Harvey Whiteman* for the State.

*William S. Hilles* and *Anthony Higgins* for respondents.

INFORMATION IN THE NATURE OF A WRIT OF QUO WARRANTO.

The following agreement was entered into in the above stated case and signed by counsel for the respective parties, viz.:—

"AND NOW, TO-WIT, this fourteenth day of April, A. D., nineteen hundred and three, it is agreed by and between the above named parties, by their respective attorneys, as follows, to-wit:

"That the above stated action shall be docketed as of the February Term, A. D. 1903, of the Superior Court of the State of Delaware, in and for New Castle County, the defendants waiving

the issue, service and return of the rule to show cause why the writ of *quo warranto* prayed for by the Attorney-General should not be issued, and agreeing that the said writ shall be issued and returned forthwith the defendants waiving the service of the said writ and appearing gratis.

"It is further agreed that if judgment shall be rendered in said cause after hearing by the Court in Banc no writ of error or other proceeding shall be taken by either party except to enforce said judgment."

The Court thereupon made the following order:

"AND NOW TO-WIT, this fifteenth day of April, A. D. 1903, it is considered by the Court that the questions of law arising in the foregoing case ought to be heard by the Court in Banc; it is therefore, on the joint application of the parties, ordered by the Court, and they do hereby direct that the same shall be heard by the Court in Banc.

> "(s)   CHARLES B. LORE, *C. J.*
> "(s)   W. C. SPRUANCE, *J.*
> "(s)   WM. H. BOYCE, *J.*"

The information (omitting the caption) was as follows:

"Herbert H. Ward, Attorney-General of the State of Delaware, who sues for the said State of Delaware in this behalf comes here before the Judges of the Superior Court of the State of Delaware, in and for New Castle County, on this fourteenth day of April, A. D., nineteen hundred and three, at the February Term A. D. nineteen hundred and three of said Court, and gives the Court here to understand and be informed that Jacob H. Lewis and Thomas A. D. Hutson, both of the City of Wilmington and State of Delaware, for the space of one day and upwards now last past have usurped and intruded into the office of members of the Department of Elections for the City of Wilmington; and as such members of said Department are assuming, together with the other members of said Department, to participate in the transfer and registration of voters preparatory to holding a Muni-

cipal Election in the City of Wilmington, and, generally, claim that they are members of the said Department of Elections for the City of Wilmington, with such rights and duties that said defendants are so as aforesaid doing the things aforesaid and assuming the authority and powers aforesaid without legal right in this that there is no authority in law for said doings and assumptions.

"WHEREFORE, the said Attorney-General prays that the said defendants be required to answer by what warrant they claim the right to participate in said transfer and registration of voters as aforesaid, and that they be adjudged to be so acting and assuming authority without warrant of law, and that they be ousted and altogether excluded from said office and from performing the said duties imposed upon the Department of Elections for the City of Wilmington.

HERBERT H. WARD,<br>
<em>Attorney-General.</em>"

Counsel for defendants filed the following answer:

"AND NOW, TO-WIT, this fourteenth day of April, nineteen hundred and three, come Jacob H. Lewis and Thomas A. D. Hutson, the defendants above named, by Hugh C. Browne, Anthony Higgins and William S. Hilles, their attorneys, and having heard the Information read do complain that under color of the premises in the said Information contained, they are greatly vexed and disquieted, and this by no means justly, because protesting that the said Information and the matters therein contained are by no means sufficient in the law, and that they need not nor are obliged by law to answer thereto, yet for plea in this behalf they say that under and by virtue of the power reposed in him by *Chapter* 70, *Volume* 22, *Laws of Delaware*, the Governor of the State of Delaware did appoint and commission these defendants, who were then and are now residents of the City of Wilmington to be members of the enlarged Department of Elections for the City of Wilmington, and that these defendants are by virtue of the provisions of the laws of the State of Dela-

ware, and their appointment and commission as aforesaid, now and for the space of two years last past have been members of the Department of Elections for the City of Wilmington, and as such of right hold, use and exercise the office of members of said Department, among the rights and duties of which office is the transfer and registration of voters preparatory to holding said Municipal Election, without this that these defendants held, used and exercised, and still do hold, use and exercise the office of members of the said Department without legal right as in the said Information mentioned, all which matters and things these defendants are ready to verify, as the Court shall award.

"WHEREFORE, they pray that the office of members of the Department of Elections for the City of Wilmington by them above claimed may be adjudged and allowed to them, and that they may be dismissed and discharged by the Court hereof and from the premises above charged against them.

WILLIAM S. HILLES,<br>
ANTHONY HIGGINS,<br>
*For Defendants.*"

Counsel for relator filed a general demurrer to the above answer.

Defendants filed a joinder to said demurrer.

Facts:—Two so-called Departments of Election have been making transfers of registered voters who voted at the last General Election, and who, since that time, have changed their places of residence. Said Departments of Election have done this for the purpose of holding primary elections in the Month of May, A. D. 1903, at which elections will be nominated by different political parties, candidates for various municipal offices, to be voted for at the municipal election held in Wilmington, June the Sixth, A. D, 1903. Said departments have also been making and are still making preparations for the holding of a municipal election in Wilmington, June the sixth, A. D. 1903. The action in this case is one of *Quo Warranto* against Jacob H. Lewis, and Thomas A, D. Hutson to test their right as members of any

STATE, ex rel., vs. LEWIS, et al.          215

FACTS—ARGUMENT.

Department of Elections to hold a municipal election in the City of Wilmington, at the time above mentioned."

Counsel for the State contended that Jacob H. Lewis and Thomas A. D. Hutson had no right to hold a municipal election in Wilmington, June sixth, A. D. 1903, for the following reasons:

"*First.* The statute under and by which the said Lewis and the said Hutson were appointed as members of the Department of Elections, for the City of Wilmington, was passed by a majority vote, only, and as it was an indirect way of amending the charter of the City, by adding new officials to the City at the time when municipal elections were to be held in said City, it should have been passed by two-thirds vote, to have made it operative.

"*Second.* The above mentioned Act does not refer at all to municipal elections, but is made in express language to apply to "All general or special elections to be hereafter held in said City. *Vol.* 22, *ch.* 70, *p.* 117, *sec.* 1."

"*Third.* The Department of Elections which was simply enlarged from three to five members, was and is, a State Department of Elections, and, as such, has no authority whatever to hold Municipal Elections in the City of Wilmington, but only State, County and Special Elections in said City."

"*Fourth.* There is no law or laws under and by which, a Municipal Election can now be held in the City of Wilmington, and therefore, no Department of Elections, however in other respects legally constituted and qualified, can hold a Municipal Election in Wilmington on June the sixth, A. D. 1903."

After hearing argument the Court rendered the following judgment:

"And Now To-Wit, this fifteenth day of April, A. D. 1903, the questions of law arising in this case, directed by the Superior Court, in and for New Castle County, to be heard by the Court in Banc, having been fully argued by counsel of the respective parties and duly considered by the Court, we are of the opinion that the defendants, Jacob H. Lewis and Thomas A. D. Hutson, are, by virtue of the provisions of the laws of the State of Delaware, and their appointment and commission by the Governor,

members of the Department of Elections for the City of Wilmington, and, as such, of right hold, use, and exercise the office of members of the said Department, among the rights and duties of which office is the transfer and registration of voters, preparatory to holding the municipal election in said City; and that therefore the demurrer of the plaintiff should be overruled It is ordered that this opinion be certified to the said Superior Court."

(This was signed by the five Judges sitting.)